T.C. Memo. 1998-306


UNITED STATES TAX COURT


GIRISH AND NALINI G. PATEL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5033-97.                    Filed August 24, 1998.


Girish and Nalini G. Patel, pro sese.

<u>David B. Mora</u>, for respondent.


MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case is before the
Court on petitioners' motion for an award of reasonable
litigation costs under section 7430.  Unless otherwise indicated,
all section references are to the Internal Revenue Code of 1986,
as amended and in effect for the year in issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

At the time their petition was filed, petitioners resided in Houston, Texas. References to petitioner are to Girish Patel.

The Internal Revenue Service, Austin, Texas, Service Center (IRS) mailed a letter (30-day letter) to petitioners on September 25, 1996, proposing changes in their 1994 income tax return. On the schedule attached to the 30-day letter, respondent increased taxable income by $7,161, resulting in an increase of $1,072 in petitioners' 1994 tax liability. The adjustments were (1) $7,146 of additional interest income from two accounts at NationsBank of Texas, and (2) $15 of additional wage income. Respondent's adjustments were based upon a comparing of the amounts reported on petitioners' Federal income tax return for wages and interest with Forms W-2 and Forms 1099 received from the payors. The 30-day letter stated:

> If you don't agree with the proposed changes on page 2:
>     - Check box B on the last page of this notice,
>     - Enclose a signed statement explaining why you disagree,
>     - Include any supporting documents you wish us to consider, and
>     - Use the envelope enclosed to return the last page of this notice with your statement and documents. Please include a telephone number, including an area code, and the best time to call you.

The letter stated that if the IRS did not receive a response within the 30-day period, a notice of deficiency would be issued. Petitioners would be able to contest the notice of deficiency in Court. Petitioners did not respond to the 30-day letter, nor did they request an Appeals Office conference.

Respondent mailed a notice of deficiency to petitioners on December 18, 1996. In the notice, respondent determined a deficiency in the amount of $1,072 in petitioners' Federal income tax for 1994. The deficiency is based on determinations by respondent as set forth in the 30-day letter which was attached to the notice.

In their petition, filed on March 17, 1997, petitioners contested the deficiency and alleged that the interest had been reported by "someone else", the IRS had the necessary information, and the motive for the issuance of the notice was intimidation by the IRS to get to petitioners' savings account.

However, prior to the filing of the petition, and after the mailing of the notice of deficiency, correspondence took place between the parties; namely, petitioner and the IRS Problem Resolution Officer. On January 4, 1997, petitioner wrote a letter to the IRS explaining that the interest ascribed to petitioners was reported on another individual's income tax return. In response to petitioner's letter, the IRS sent letters dated January 30 and February 13, 1997, requesting the Social Security number of the individual or a copy of the return on which the income was reported. This information was again requested by the IRS in a letter dated February 24, 1997. It appears this correspondence involved petitioners' 1988 tax year, as well as the 1994 tax year.

Petitioner, on February 12, 1997, sent a letter to respondent giving the name of petitioner's father and telling respondent to search the administrative files for information petitioner had earlier provided to the IRS in Houston. Petitioner's letter contained petitioner's Social Security number, but not the Social Security number of the person petitioners claimed paid the tax on the interest income. After the filing of the petition, respondent's Appeals Office attempted to contact petitioners by telephone and by letters dated June 2 and June 17, 1997.

On September 17, 1997, the Clerk of the Court sent a notice to the parties informing them that the case was set for trial at the Trial Session beginning on December 8, 1997, in Houston, Texas. When the case was called for trial, the parties appeared and were heard. Respondent reported that a basis of settlement had been reached with regard to the case and that respondent conceded that there was no deficiency in income tax due from, or overpayment due to, petitioners for the tax year 1994. At that time, petitioners requested an award of litigation costs.

Petitioners filed a Motion for Litigation Costs in the amount of $3,000 on January 12, 1998. Respondent's objection to petitioners' motion was filed on April 3, 1998. A Stipulation of Settled Issues was filed by the parties on March 2, 1998.

Section 7430 provides that in any court proceeding brought by or against the United States in connection with the

determination, collection, or refund of any tax, the "prevailing party" may be awarded reasonable litigation costs.  To be a "prevailing party" taxpayers must establish (1) that they substantially prevailed with respect to the amount in controversy or with respect to the most significant issue presented, (2) that the position of the United States in the proceeding was not substantially justified, and (3) that taxpayers met the net worth requirements of 28 U.S.C. 2412(d)(2)(B)(1994) on the date the petition was filed.  Sec. 7430(c)(4)(A).  As a prerequisite for obtaining a judgment for litigation costs, the taxpayers must also establish that they have exhausted the administrative remedies available to them within the IRS, that they did not unreasonably protract the proceeding, and that the costs claimed are reasonable.  Sec. 7430(b).  Taxpayers must establish each of these elements to recover litigation costs.  Rule 232(e); <u>Dixson Intl. Serv. Corp. v. Commissioner</u>, 94 T.C. 708, 714-715 (1990).

Respondent contends that petitioners should not be entitled to recover litigation costs because petitioners did not exhaust the administrative remedies available within the IRS.

As stated above, a judgment for reasonable litigation fees shall not be awarded in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available within the Internal Revenue Service.  Sec. 7430(b)(1).  A taxpayer has not exhausted his administrative remedies if he does not request an Appeals Office

conference where one is available or when a taxpayer fails to file a written protest if one is required in order to obtain an Appeals Office conference. Sec. 301.7430-1(b)(1), Proced. & Admin. Regs. A taxpayer's failure to establish any one of the requirements of section 7430 will preclude an award of costs. Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

In this case, petitioners did not request an Appeals Office conference after receiving the 30-day letter and did not file a written protest. Because petitioners failed to exhaust all administrative remedies available within the IRS, petitioners did not comply with section 7430(b)(1). Therefore, we need not address the issue of whether this claim for costs was reasonable. Based on the record, we hold that petitioners are not entitled to recover litigation costs because of their failure to comply with the requirements of section 7430(b)(1).

To reflect the foregoing,

An appropriate order and decision will be entered.